UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Randy Sabby, | Civil No. 14-277 (SRN/TNL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michelle Smith, | |
| Respondent. | |

David Randy Sabby, P.O. Box 3877, Jackson, GA 30233, pro se Petitioner.

Matthew Frank, Aaron K. Jordan, and James B. Early, Minnesota Attorney General's Office, 445 Minnesota St., Suite 1800, St. Paul, MN 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated October 27, 2014 [Doc. No. 30]. The R&R recommends denial of the Petition for Writ of Habeas Corpus [Doc. No. 1] and denial as moot of Petitioner's "Motion to Accept" [Doc. No. 26]. The R&R also recommends denial of a certificate of appealability [Doc. No. 30]. Petitioner filed timely objections to the R&R on November 10, 2014 [Doc. No. 31].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's Objections

and adopts the R&R in full.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's R&R thoroughly documents the complex factual and procedural background of this matter, and is incorporated herein by reference. In brief, Petitioner David Randy Sabby was prosecuted in three separate jurisdictions for alleged sexual contact with his underage step-daughter, A.H. Two of the jurisdictions are the Minnesota counties of Grant and Otter Tail; the third is the state of Georgia. In 2009, Sabby pled guilty in Grant County to third-degree criminal sexual assault under Minn. Stat. § 609.344, subd. 1(g)(iii), and it is this plea that he challenges in the instant Petition. He was thereafter sentenced to 41 months' imprisonment.

Also in 2009, Sabby entered an Alford plea to one count of first-degree criminal sexual conduct in Otter Tail County, with an agreement to a sentence of 144 months. He attempted to revoke that plea shortly after it was entered, because the plea included Sabby's understanding that any sentence he received in Georgia would be shorter than the sentence he received for the Otter Tail County charge, and the Georgia authorities had agreed to recommend a 20-year sentence, with 11 years' imprisonment. The Otter Tail County court declined to allow Sabby to withdraw from his plea and sentenced him to 144 months' imprisonment, to be served consecutively to the term imposed in Grant County. Sabby successfully challenged the plea-withdrawal decision in a postconviction motion, and the Minnesota Court of Appeals allowed him to withdraw his plea. According to Sabby, the Otter Tail County prosecution remains pending, but it appears

from the Otter Tail County docket that the charges against Sabby pending in that court were dismissed in November 2014, after the appeals court allowed Sabby to withdraw his guilty plea.  State v. Sabby, No. 56-CR-09-654 (Otter Tail County, Minn.).

In 2012, Sabby proceeded to trial in Georgia on charges including incest, statutory rape, aggravated child molestation, and child molestation.  See Sabby v. State, No. A13-1588, 2014 WL 2013434, at *1 (Minn. Ct. App. May 19, 2014) (summarizing Georgia proceedings).  He was convicted on all counts and ultimately sentenced to 80 years, with a minimum prison term of 60 years.  He is currently appealing that conviction and sentence while remaining incarcerated in Georgia.

Sabby challenged his Grant County plea in two separate postconviction motions, but he was denied relief each time.  He filed the instant § 2254 Petition on January 31, 2014.

**II.    DISCUSSION**

Sabby raises multiple objections to the R&R; many of those objections stem from a misunderstanding about the federal courts' role in reviewing state criminal matters.  Sabby contends that the R&R's analysis unreasonably applied federal law or was an unreasonable determination of the facts.  (Obj. [Doc. No. 31] at 1; see also 28 U.S.C. § 2254(d).)  But this is the standard by which a federal court reviews a state court's determinations; it is not the standard under which this Court reviews the Magistrate Judge's determinations.  This Court's review of the R&R is de novo, which means that the Court looks at the record and determines for itself whether the state courts in Sabby's

case either unreasonably applied Supreme Court precedent regarding federal law or unreasonably determined the facts in light of the evidence presented.  Having reviewed the record, the Court agrees with the R&R that the state courts handling and reviewing Sabby's Grant County case did not misapply federal law or make any unreasonable factual determinations.  The Court will discuss Sabby's objections in turn.

### A. Rule 5

Sabby's first argument is that the Court should have granted his Petition merely because Respondent failed to comply with the filing requirements of Rule 5 of the Rules Governing Section 2254 in the United States District Courts.  (R&R at 6 n.8.)  But as Magistrate Judge Leung found, there was sufficient information in the record to allow the Court to discern the contents of the missing state-court briefing, and in any event, failure to comply with Rule 5's requirements is not procedural default, as Sabby contends.  (Obj. at 2.)  At most, Respondent's failure warranted an admonition from the Court, and if necessary, a further order to comply with the Rule's requirements and submit the missing documents.  Sabby is not entitled to relief on this basis.

### B. Timeliness

Sabby also takes issue with the R&R's determination that the Petition is untimely because Respondent did not raise the timeliness issue in its response to the Petition and thus, according to Sabby, Respondent waived that argument.  But as the R&R thoroughly discussed, the Court may consider timeliness sua sponte (id. at 14); and in any event, the R&R addressed the merits of Sabby's claims despite that the majority of the Petition, if

4

not the entire Petition, is clearly untimely.  There is no basis for overruling the R&R on this issue.

      **C.     Ground One: Factual Basis for Plea**

Next, Sabby argues that the R&R improperly separated his first ground for relief into two separate grounds.  Ground One of the Petition contends that the factual basis for Sabby's plea was elicited by the use of leading questions and thus that the plea colloquy did not establish that Sabby committed the elements of the charged offense.  [Doc. No. 1 at 5.]  As the R&R correctly found, this Ground encompasses two related but distinct theories:  first, that the use of leading questions is improper to establish a factual predicate for a plea agreement; and second, that in this case, Sabby's answers to the questions posed during the plea hearing did not establish a factual basis for believing that Sabby committed the offense.  Sabby's contention that the R&R improperly separated the elements of his first Ground is therefore without merit.

Sabby relies solely on a case from the Fifth Circuit Court of Appeals for his arguments regarding the factual basis for his plea.  (Obj. at 4 (citing United States v. Spruill, 292 F.3d 207 (5th Cir. 2002).)  He contends that the R&R improperly rejected the analysis in Spruill because it was a gun case, not a sex case.  (Id.)  But the R&R did not reject the Spruill court's analysis; as the R&R found, the Spruill decision did not address a situation akin to the one here, in which an individual challenges the factual basis for his plea because of the use of leading questions.  In Spruill, the defendant challenged his plea because the conduct to which he admitted in the plea agreement was not an offense under

the relevant statute. 292 F.3d at 215. And the Court of Appeals did not discuss the procedure for procuring a factual basis for a guilty plea, or otherwise discuss the plea. Rather, the <u>Spruill</u> court determined that the prosecutor had not complied with the notice requirements of the statute under which the defendant was charged and thus that the defendant was not guilty of the crime to which he pled guilty. <u>Id.</u> at 221.

The R&R correctly rejected Sabby's contentions that the use of leading questions was improper because that argument relies on state law, not federal law. (R&R at 23.) As discussed above, a federal court reviewing a state prisoner's habeas petition may only determine whether the state court unreasonably applied federal law. In addition, the R&R correctly determined that Sabby's answers to the questions posed to him during the plea hearing more than established the requisite factual basis for his plea. (<u>Id.</u> at 20-21.) Ground One of the Petition is without merit.

    **D.**    **Ground Four:  Voluntariness**

Sabby contends that his plea was involuntary because he was induced to plead guilty by promises as to what would happen in the Georgia prosecution. The R&R determined that this Ground was foreclosed by the record, noting that the Grant County judge asked Sabby directly whether he understood that his plea was "independent of and not contingent upon any prosecution in Otter Tail County. It doesn't have anything to do with what may or may not happen in the state of Georgia." (<u>Id.</u> at 25 (quoting Plea Tr. at 14).) Sabby responded that he understood. (<u>Id.</u>)

Sabby now contends that, contrary to his testimony at the plea hearing, his attorney

6

had made promises to him regarding what the Georgia prosecutor would do and he relied on those undisclosed promises in pleading guilty. But at the plea hearing, he denied any such agreements other than what was discussed at the hearing. (Id. (citing Plea Tr. at 21).) Sabby contends that an evidentiary hearing is necessary to resolve this conflict, and points to several Supreme Court decisions that ostensibly require such a hearing. (Obj. at 5-6.) However, the Supreme Court has cautioned that "allow[ing] indiscriminate hearings in federal postconviction proceedings . . . would eliminate the chief virtues of the plea system — speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63, 71 (1977).

The cases on which Sabby relies, Machibroda v. United States, 368 U.S. 487 (1962) and Fontaine v. United States, 411 U.S. 213 (1973), do not require this Court to hold an evidentiary hearing on Sabby's voluntariness claim. Rather, when, as here, a habeas petition's allegations are, "in the face of the record . . . wholly incredible" an evidentiary hearing is not warranted. Blackledge, 431 U.S. at 74. Letters that Sabby's defense attorney sent him in the weeks before the plea hearing establish beyond a doubt that there was no agreement in place with the Georgia authorities, and indeed that the prosecutor in Georgia had rejected defense counsel's suggestion of coordinating the two prosecutions. (R&R at 25.) Sabby's contentions to the contrary are "wholly incredible" and do not warrant an evidentiary hearing.

### E.    Ground Three: Alleged Brady Violation

In Ground Three of the Petition, Sabby contends that the Grant County prosecutor failed to disclose evidence of a medical examination of the victim, during which she

7

allegedly initially told the physician that she had not been sexually assaulted. (Pet. at 8.) Sabby presented this claim to the trial court in a postconviction motion, and the trial court denied the claim. The trial court noted that it had ordered the prosecutor to provide the specific documents to defense counsel, and that Sabby had not established that the documents were not in fact provided by, for example, submitting an affidavit of counsel that he did not receive the documents.

Sabby attacks the R&R's discussion of this issue but, again, this Court is limited to determining whether the state court evaluating Sabby's postconviction motion unreasonably determined the facts in light of the evidence presented in that proceeding. The trial court's factual findings are "presumptively correct" and will be overturned in a federal habeas review only if those findings "do not enjoy support in the record." Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004). Sabby has pointed to nothing in the record that would allow this Court to overturn the Grant County court's presumptively correct findings with regard to the allegedly exculpatory evidence. Instead, those findings are supported by the record and are therefore not unreasonable.

Further, the R&R noted that Sabby had likely failed to establish a Brady violation in the first instance because even assuming that the information was exculpatory and was withheld, Sabby could not establish the final prong of the Brady test, namely prejudice as a result of the alleged withholding of evidence. (R&R at 28.) Prejudice requires Sabby to show a reasonable probability of a different result. Banks v. Dretke, 540 U.S. 668, 699 (2004).

Sabby contends that he would not have pled guilty if he had access to these records, and thus that the result of the Grant County proceeding "would have been absolutely different." (Obj. at 9.) But this is not the "prejudice" required to establish a Brady violation. For Brady purposes, prejudice is established if the evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the" plea. Kyles v. Whitley, 514 U.S. 419, 435 (1995).

As the R&R discussed, the medical examination evidence was available to Sabby's defense counsel in the Georgia trial. (R&R at 28.) Despite the alleged "revelation" therein, Sabby was convicted. There was substantial evidence in the record that Sabby was guilty of the charges to which he pled guilty in Grant County, perhaps most importantly Sabby's own admission of guilt. Thus, there is no reasonable probability of a different result in the Grant County proceeding and Sabby's Brady claim is without merit.

### F. Ineffective Assistance of Counsel

Finally, Sabby contends that the R&R erroneously concluded that Sabby's Grant County counsel was not ineffective. But as the R&R discussed, Sabby cannot establish either element of a claim for ineffective assistance of counsel: that his attorney's performance fell below an objective standard of reasonableness; or that but for the attorney's errors, the result of the proceeding would have been different. (R&R at 29-30 (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).) The Court finds no error in the R&R's disposition of this issue.

9

### G. Certificate of Appealability

The R&R recommended that this Court deny Sabby a certificate of appealability because no court "is likely to find that Sabby should succeed on any of the claims in his petition." (R&R at 34.) Because a certificate of appealability requires "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this Court agrees that a certificate is inappropriate in this case.

Sabby has failed to establish that the state court proceedings unreasonably applied federal law or unreasonably determined the facts of his Grant County case. His Petition must therefore be dismissed.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner David Randy Sabby's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED**;

2. Petitioner's Motion to Accept [Doc. No. 26] is **DENIED as moot**;

3. This action is **DISMISSED WITH PREJUDICE**; and

4. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 5, 2015                          s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge